IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| EVA D. BREEDLOVE, et al. | : : | E.D. PA Civil Action No. 09-cv-75120 |
| v. | : : | Transferor Court: |
| CSX TRANSPORTATION, INC., et al. | : : : | N.D.Georgia 1:08-cv-02022-ODE |

O R D E R

AND NOW, this 8th day of February, 2011, upon consideration of the pending motions, and for the reasons stated in the attached memorandum, it is hereby **ORDERED** that:

(1) Defendant CSX Transportation's Motion *in Limine* To Exclude Testimony of Arthur Frank [Docket Entry No. 46] is **DENIED.**

(2) Defendant CSX Transportation's Motion for Protective Order [Doc. 54] is **GRANTED IN PART, DENIED IN PART.** Plaintiff may question CSX Transportation's corporate representative about asbestos-related claims made by nonparties against CSX Transportation that have been used in litigation or otherwise released to the public.

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. IV) | : | MDL DOCKET NO. 875 |
| _____ | : | |
| EVA D. BREEDLOVE, et al. | : | E.D. PA Civil Action No. |
| | : | 09-cv-75120 |
| v. | : | |
| | : | Transferor Court: |
| CSX TRANSPORTATION, INC., et al. | : | N.D.Georgia |
| | : | 1:08-cv-02022-ODE |

**M E M O R A N D U M**

M. Faith Angell                                                                                     February 8, 2011
United States Magistrate Judge

      Plaintiff Eva Breedlove, Executrix of the Estate of William Breedlove, brings this action under Georgia's premises liability law. She alleges that her husband, William Breedlove, was harmfully exposed to asbestos in 1962 through 1995 when he visited CSX Transportation's Tilford and Waycross properties for the purpose of selling insurance to CSX Transportation's employees. Mr. Breedlove was diagnosed with mesothelioma in February 2008, he died six months later in August 2008.[1]

      Presently before this Court are two motions filed by Defendant CSX Transportation: a motion *in limine* to exclude the expert testimony of Dr. Arthur Frank, and a motion for a protective order. For the reasons which follow, I will deny the motion to exclude Dr. Frank's expert testimony and will grant in part the motion for a protective order.

---

      [1] The factual background of this case has been recounted in prior Court orders, and is adopted here. *See August 17, 2009 Memorandum and Order of the Honorable Eduardo C. Robreno* [Doc. 6].

A.  CSX Transportation's Motion to Exclude Dr. Frank's Testimony.

Defendant CSX Transportation moves this Court to exclude all testimony from Plaintiff's expert, Dr. Arthur Frank, arguing that his opinions in this matter lack a sufficient factual basis and should be excluded under a *Daubert* inquiry.  *CSX Transportation's Motion to Exclude Dr. Frank's Testimony* [Doc. 46] at pp. 3, 6.  The issue, as defined CSX Transportation, is "whether Dr. Frank knows enough about the specific exposure allegations in this case to offer reliable causation testimony."  *CSX Transportation's Reply Brief* [Doc. 50] at p. 6.[2]  According to CSX Transportation,

> "[I]n a case with novel exposure allegations and limited fact witness information, Plaintiff's need for a causation expert to independently investigate, analyze, and offer at least some approximation of the claimed exposures is particularly important.  CSXT established in its motion [to exclude] that Dr. Frank, however, did almost nothing on his own to investigate the specifics of this case and, as a result, knows almost nothing about the specifics of this case. [ . . . ] Dr. Frank's reasoning is unreliable conjecture. [ . . . ] His failure to approximate – or even consider – the amount of Mr. Breedlove's actual exposure (at CSXT, Georgia Power or anywhere else) in this case reflects a cavalier disregard for a key tenet of occupational medicine and toxic tort evidence."

*Id.* at pp. 7-8.[3]

---

[2]    CSX Transportation states that it is not challenging Dr. Frank's curriculum vitae and does not seek to exclude his expert testimony on that basis.  *Id.*

[3]    As a threshold issue, CSX Transportation urges this Court to disregard Dr. Frank's "new" affidavit which was first produced as an exhibit to Plaintiff's response to the motion to exclude Dr. Frank's testimony.  CSX Transportation argues that the affidavit is a "belated attempt to rehabilitate the opinion of an expert who was unprepared and uniformed at his deposition," and this "tactic is inexcusable, unjustified and, if permitted, would be prejudicial to CSXT's defense of this case."  *CSX Transportation's Reply Brief* [Doc. 50] at pp. 2-5.  I agree with CSX Transportation that the affidavit is untimely as it was first disclosed after the discovery deadline.  Under these circumstances, I will not consider the new affidavit of Dr. Frank.

In addition to qualifying as an expert under Rule 702 of the Federal Rules of Evidence, an expert witness must satisfy the standards set forth in *Daubert*[4] that the expert's testimony (1) must be based on sufficient facts and data; (2) must be the product of a reliable methodology; and (3) must demonstrate a relevant connection between that methodology and the facts of the case. Expert testimony which is based on assumptions lacking any factual foundation in the record may not be admitted. *Jaasma v. Shell Oil Company,* 412 F.3d 501, 513 (3d Cir. 2005).

CSX Transportation argues that "Dr. Frank's causation opinion is inextricably linked to his discredited belief that any asbestos exposure is a substantial factor in causing disease." *CSX Transportation's Reply Brief* at p. 8. According to CSX Transportation, Dr. Frank's methodology is "based on the assumption - not grounded in mainstream science - that any exposure automatically contributes substantially to the onset of disease. [ . . . ] Dr. Frank, however, has espoused this theory for years and his testimony has been excluded and criticized for this exact reason." *Id.*

Dr. Frank's expert testimony has been permitted, over objection by a defendant, in at least one other MDL case before this Court. *See Kirkland v. Ford Motor Co.,* 09-74077: Doc. 65 [December 1, 2010 Order of the Honorable Eduardo C. Robreno]. In addition, when faced with a *Daubert* motion to exclude expert testimony (from Dr. John C. Maddox) that "every exposure to asbestos above background levels contributes to cause mesothelioma," Judge Robreno has permitted expert testimony on the "every exposure" theory of causation. *Schumacher v. Amtico,* 10-01627: Doc 143 [November 2, 2010 Order of the Honorable Eduardo C. Robreno] at p. 2 n.1.

---

[4] 509 U.S. 579, 113 S.Ct. 2786 (1993).

In denying the motion to exclude Dr. Maddox' expert testimony, Judge Robreno noted: "there is a *bona fide* debate within the scientific community regarding what the threshold level is, and indeed, whether a numeric threshold can be ascertained at all. Simply, Dr. Maddox takes one position, and Defendants' experts take another." *Id.* at p. 4.

I find this analysis equally applicable to Defendant CSX Transportation's criticism of Dr. Frank's methodology, and adopt it here.

CSX Transportation contends that Dr. Frank "made almost no effort to assess the unusual exposure allegations in this case. As a result, he knows almost nothing about Mr. Breedlove's interaction with or possible exposure to ACMs at the railroad." *CSX Transportation's Reply Brief* at p. 12. According to CSX Transportation,

> "In the case at hand, [Dr.] Frank has not conducted any independent investigation of the facts. He has not even bothered to read Plaintiff's deposition. Rather, as laid out above, he bases his opinions on summaries prepared by Plaintiff's counsel. He made no effort to verify the information in these summaries. Instead, in his own words, it is his 'habit to believe Plaintiff's attorneys . . .' (Frank Dep. at 26.) Third Circuit precedent makes clear that this kind of blind faith is not a sufficient ground for proffering an expert opinion."

*CSX Transportation's Motion to Exclude Dr. Frank's Testimony* at pp. 7-8.

The Third Circuit has held that "*some* factual basis" for an expert's testimony is sufficient to meet the "foundational requirement" for admissibility of expert testimony under the Federal Rules of Evidence. *Stecyk v. Bell Helicopter Textron*, 295 F.3d 408, 414, 415 n.3 (3d Cir. 2002)(emphasis in original).

An expert is not required to base his or her opinion on independent data collection or field research. Rather, the question is whether the expert's data is of the type reasonably relied upon by experts in the particular field in forming opinions or inferences upon a subject, and whether there are good grounds to rely on this data to draw the conclusion reached by the expert. *Jaasma*, 412 F.3d at 514 (3d Cir. 2005).

Here, the record reflects a factual foundation sufficient to support Dr. Frank's opinion that Mr. Breedlove's mesothelioma was caused by exposure to asbestos at CSX Transportation's facilities. At deposition, Dr. Frank testified that he relied on a summary of Mr. Breedlove's asbestos exposure and excerpts from Mr. Breedlove's deposition, both of which were prepared by Plaintiff's Counsel. *CSX Transportation's Motion to Exclude Dr. Frank's Testimony: Attached Exhibit*, February 5, 2010 Frank Deposition [Doc. 46-2] at pp. 7-11, 26. Asbestos exposure histories and direct testimony from the plaintiff are normally relied upon by expert witnesses opining as to causation. The fact that the exposure summary and excepts from Mr. Breedlove's deposition were prepared by Plaintiff's Counsel does not make them inherently suspect. Defendant CSX Transportation does not assert that the summaries are inaccurate, incomplete or biased. I have reviewed the exposure summary and the deposition excerpts and find that they are consistent with Mr. Breedlove's deposition testimony. Because there is factual foundation in the record to support Dr. Frank's causation opinion, I find that it is meets the foundational requirements for admissibility.

CSX Transportation may highlight any deficiencies in Dr. Frank's preparation and testimony during appropriate cross-examination. *See Stecyk*, 295 F.3d at 414-15 (3d Cir. 2002)("Once [Defendant's] expert met the foundational requirements for admissibility, the

burden shifted to plaintiffs to explore any deficiencies in the expert's sources. A party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination.").

B. CSX Transportation's Motion for a Protective Order.

CSX Transportation has filed a motion for a protective order seeking to "limit the scope of a corporate representative deposition that Plaintiff desires to take." In the Rule 30(b)(6) deposition notice, Plaintiff seeks to explore three topics, including "whether or not any of the employees listed on Exhibit A gave notice to CSX or its predecessors, in any form, that they claim to have an asbestos-related disease arising from their exposure to asbestos while working for CSX." *CSX Transportation's Motion for Protective Order: Exhibit "E"* [Doc. 54-6]. The individuals listed in Exhibit A are former insurance customers of William Breedlove who are/were employed at CSX Transportation.

CSX Transportation argues that Plaintiff seeks "confidential medical information from it which infringes on the privacy rights of over one hundred non-parties, and that disclosure of the requested medical information could subject CSX Transportation to tort or contractual liability." *CSX Transportation's Motion for Protective Order* at p. 1.

According to CSX Transportation, the medical information sought by Plaintiff is protected from disclosure under federal law (both federal common law and HIPAA[5]) as well as state privilege law (Georgia, Florida and Pennsylvania). *Id.* at pp. 6-14.[6] CSX Transportation

---

[5] Health Insurance Portability and Accountability Act, 45 C.F.R. §160.103.

[6] In its motion for a protective order, CSX Transportation argues that "Georgia law controlling privilege and privacy should control." *Id.* at p. 6. The Defendant also asserts that

takes the position that it has provided Plaintiff with contact information for Mr. Breedlove's former customers and if she wants this information, Plaintiff can approach these individuals directly. *Id.* at p. 5.

Plaintiff responds that she does not seek any private medical information, instead she "simply seeks confirmation as to which of these employees submitted an asbestos claim to Defendant CSX for any disease arising from asbestos exposure on the job." *Plaintiff's Opposition to Motion for Protective Order* [Doc. 57] at pp. 1-2. Plaintiff argues that the asbestos claim information is directly relevant to the issues in this case as follows:

> "If these employees made asbestos-related disease claims and Defendant CSX paid these claims, such information would be relevant evidence to a pivotal issue in this case: whether William Breedlove was exposed to asbestos during his decades of visits to CSX rail yards and shops. Additionally, confirmation that Defendant CSX's employees make asbestos-related claims would provide important impeachment material that would be of great assistance to the trier of fact to assess Defendant CSX's and its experts' credibility when they assert that neither Plaintiff nor his railroad worker customers were exposed to asbestos."

*Id.* at p. 2.

---

because the custodian of the requested information is located in Florida, "a review of applicable Florida law is proper," and "to the extent that the Court feels it must examine Pennsylvania law," the same strict privacy law applies. *Id.* at pp. 7, 10.

    In its reply brief, CSX Transportation takes the position that Florida privilege law applies because CSX Transportation's records are at its Jacksonville, Florida headquarters, and argues that Florida privacy laws, which are more strict than HIPAA, control. *CSX Transportation's Reply Brief* [Doc. 58] at pp. 8-9.

    I agree with the parties' initial position that Georgia privilege law applies, and will confine the analysis to Georgia privilege law. *See In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 155 n. 8 (E.D. Pa. 2009)("A federal court presiding over a case where jurisdiction is based on diversity of citizenship has to apply the appropriate state law on the issue of privilege."). In this case, Judge Robreno has decided that Georgia substantive law applies. *Breedlove v. CSX Transportation,* 643 F.Supp.2d 721, 725 (E.D. Pa. 2009).

Plaintiff has stated a willingness to have the Court enter a protective order limiting the use of the asbestos claim information to this litigation. *Id.*

CSX Transportation is not barred under HIPAA from identifying asbestos-related claims made by former customers of Mr. Breedlove. CSX Transportation does not qualify as a "covered entity" under HIPAA, which is limited to individuals and entities providing physician services, and thus, HIPAA does not prevent Plaintiff from asking CSX Transportation about asbestos-related claims. *See In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. at pp. 154-55 (E.D. Pa. 2009)(explaining that entities covered by HIPAA are limited to health plans, health care clearinghouses, and health care providers, and declining to quash subpoenas to doctors who diagnosed various plaintiffs as being afflicted with diseases resulting from occupational asbestos exposure).

CSX Transportation is correct in asserting that personal medical records are protected by Georgia's constitutional right of privacy and cannot be disclosed without the consent of the patient unless their production is otherwise required by Georgia law. In the absence of a waiver, a patient must be afforded notice and an opportunity to object prior to the disclosure of his medical records via civil discovery requests. *Ussery v. Children's Healthcare of Atlanta,* 289 Ga.App. 255, 656 S.E. 2d 882, 894-95 (2008)(citing *King v. State,* 272 Ga. 788, 790 (1), 535 S.E.2d 492 (2000)).

However, the information sought by Plaintiff are not medical records but the filing of claims by identified individuals against CSX Transportation for asbestos-related diseases. To the extent that any privacy concerns may be implicated, I will limit the scope of the inquiry of the

corporate designee to claims that relate to diseases resulting from occupational asbestos exposure which have been the subject of litigation (in federal and/or state court), **and** subject to the parties entering a protective order to limit use of the information to this case. *See In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. at p. 155 (E.D. Pa. 2009)(by bringing suit based on the diagnoses of asbestosis, plaintiffs have essentially released to the world their own medical information and waived any privilege of privacy of the information). Thus, after entering into a consent protective order, Plaintiff may inquire of Defendant's corporate designee whether any of the identified former customers of William Breedlove have brought a claim in either state or federal court against CSX Transportation for a disease resulting from occupational asbestos exposure. Nothing in this Order is intended to address whether this information will, or will not, be admissible at trial (which can be raised, at the appropriate time, in a motion *in limine)*.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix Federal Building
900 Market Street, Suite 211
Philadelphia, PA    19107

**Chambers of**
**M. FAITH ANGELL**                                      P:   (215) 597-6079
United States Magistrate Judge                           F:   (215) 580-2165

*FAX / MAIL COVER SHEET*

CASE NO.    09-75120 (EDPA #)           **DISTRICT COURT JUDGE:** ER
                                                       215-580-2362

TODAY'S DATE: February 8, 2011          LAW CLERK'S INITIALS: JJK

**NAME**                                                 **FAX NUMBER**

(1)   E. Spencer Parris, Esq./H. Forest Horne, Jr., Esq./
      Clinton W. Sitton, Esq./J. Michael Riley, Esq.     919-863-6080

(2)   Grant C. Buckley, Esq./ Randall A. Jordan, Esq./
      Karen Jenkins Young, Esq./Christopher R. Jordan, Esq.   912-638-0605